Paul F. KENT, Plaintiff–Appellant,

v.

Laura TOSATTO, San Diego Harbor Police Officer, Defendant–Appellee.

No. 06–55578.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul F. Kent, Chula Vista, CA, pro se.

Ellen Gross Miles, Esq., San Diego Unified Port District, San Diego, CA, for Defendant–Appellee.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Paul F. Kent appeals pro se the district court's order denying his request for issuance of an arrest warrant for his vessel Lion of Judah and dismissing his complaint in admiralty against San Diego Harbor Police Officer Laura Tosatto for lack of in rem jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *See United States v. 2,164 Watches,* 366 F.3d 767, 770 (9th Cir.2004). We affirm the district court's judgment.

In his complaint, Kent alleged that, at Tosatto's direction, the vessel was seized from its anchorage in navigable waters in San Diego Bay and impounded for a violation of a permit ordinance. He claimed that the ordinance was invalid because it was superceded by federal law governing navigable waters of the United States. He sought injunctive and declaratory relief ordering the return of the vessel, and he asked the district court to issue a warrant for the vessel's seizure.

■ Pursuant to Rule C(3)(a)(ii)(A) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the district court must issue an arrest warrant for a vessel "[i]f the conditions for an in rem action appear to exist." This rule, however, governs the arrest of a defendant res; it does not provide for the arrest of a plaintiff vessel. *See 2,164 Watches,* 366 F.3d at 770. Accordingly, the district court did not err in denying Kent's request for the arrest of the Lion of Judah.

■ We also reject Kent's argument that federal maritime law governs San Diego Bay and prevents the state from regulating anchoring and moorage. *See Barber v. State of Hawai'i,* 42 F.3d 1185, 1193–94 (9th Cir.1994).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.